# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| TATIANA KIVA | CIVIL ACTION NO. 25-1149 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN SOUTH LOUISIANA ICE PROCESSING CENTER, ET AL. | MAGISTRATE JUDGE AYO |

## MEMORANDUM ORDER

Before the Court is an Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 162) filed on behalf of Petitioner Tatiana Kiva ("Petitioner"). In August 2025, Petitioner filed a Habeas Petition due to her prolonged immigration detention without due process. See Record Document 1 at 6. Petitioner alleged:

> I have been detained by ICE since July 14, 2024, after legally entering the U.S. through CBP One to seek asylum. The immigration judge issued a removal order without allowing my asylum case to be filed or heard. I have no access to parole or bond, despite having no criminal record, strong sponsorship, and ongoing mental health issues. My detention has been prolonged for over one year and violates my right to due process under the Constitution.

Id. While the original petition was not signed by Petitioner, she later submitted a signed signature page for her Section 2241 Habeas Petition. See Record Documents 4 & 5.

The emergency motion that is currently before the Court seeks a temporary restraining order prohibiting Respondents from removing Petitioner to any country other than Ukraine until further order of the Court. See Record Document 16 at 9. The motion further requests a stay of removal pending final resolution of the habeas corpus proceedings and an order maintaining the status quo. See id. However, once again, the

motion was not signed by Petitioner, but rather Egor Denisov ("Denisov").  See id. at 10. Denisov submitted a declaration under penalty of perjury stating he is Petitioner's husband and authorized representative and that Petitioner is unable to sign documents. See id.

"Under the Rules Governing Section 2254 Proceedings in the United States District Courts ('Habeas Rules'), which also apply in habeas proceedings governed by 28 U.S.C. § 2241, the Federal Rules of Civil Procedure apply only to the extent that they are not inconsistent with the Habeas Rules or any statutory provision."  Shabanov v. Tate, No. CV H-23-3136, 2024 WL 1772873, at *3 (S.D. Tex. Apr. 24, 2024), citing Rules 1(b) and 12 of the Habeas Rules.  Federal Rule of Civil Procedure 11(a) provides that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11.  The instant emergency motion was signed by an individual who is not an attorney on behalf of his wife.  Thus, the motion is deficient.

In the emergency motion, Denisov submits that Petitioner is no longer detained in the South Louisiana ICE Processing Center in Basile, LA and is currently believed to be temporarily detained at Phoenix ICE Detention Facility (AROCC), Phoenix-Mesa Gateway Airport, Mesa, Arizona.  See Record Document 16 at 6.  In a subsequent deficient filing submitted on February 2, 2026, Denisov maintains that Petitioner is now "in custody at Eloy Federal Contract Facility (CoreCivic) in Eloy, Arizona."  Record Document 19 at 2.  The Clerk of Court has updated Petitioner's address in the record and a copy of this Memorandum Order will be mailed to Petitioner in her current place of detention in Eloy, Arizona.

2

Accordingly,

**IT IS ORDERED** that the Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 162) be and is hereby **DENIED WITHOUT PREJUDICE**. The motion may be re-urged if and when Petitioner cures the aforementioned deficiency.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of February, 2026.

```
_____
        S. MAURICE HICKS, JR.
     UNITED STATES DISTRICT JUDGE
```