UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TATIANA KIVA                                         CIVIL ACTION NO. 25-1149

VERSUS                                                JUDGE S. MAURICE HICKS, JR.

WARDEN SOUTH LOUISIANA ICE          MAGISTRATE JUDGE AYO
PROCESSING CENTER, ET AL.

**MEMORANDUM ORDER**

Before the Court are two motions (Record Documents 24 & 25) filed by Petitioner Tatiana Kiva ("Petitioner"). Petitioner's Habeas Petition is currently pending before this Court. Summons were issued and there is an acknowledgment of service in the record. See Record Documents 11, 13, 14-15. On December 30, 2026, a Notice of Appearance was filed and Cristina Walker, Assistant United States Attorney, was enrolled as counsel of record for the Federal Respondents in this matter. See Record Document 12. The "Federal Respondents" refers to the following individuals and any successors-in-interest: Brian Acuna, in his official capacity as Acting Field Office Director, New Orleans ICE Field Office; Scott Ladwig, in his official capacity as Assistant Field Office Director, New Orleans ICE Field Office; Todd Lyons, in his official capacity as Acting Director, ICE; Kristi Noem, in her official capacity as Secretary, U.S. Department of Homeland Security; Pamela Bondi, in her official capacity as Attorney General of the United States; U.S. Department of Homeland Security; and U.S. Immigration and Customs Enforcement. Id.

The Court will now address Petitioner's motions separately.

Corrected Motion to Preserve Jurisdiction and Deadlines (Record Document 25)

Petitioner asks the Court to preserve jurisdiction and all existing deadlines. See Record Document 25 at 2. It appears the motion was motivated by concern that

Petitioner's transfer to a facility in Arizona would defeat this Court's jurisdiction.  See id.  Such issue is now moot, as Petitioner filed a "Supplemental Status Update to the Court" indicating she is now back at the South Louisiana ICE Processing Center in Basile, Louisiana.  See Record Document 26 at 2-3.  Thus, Petitioner's Corrected Motion to Preserve Jurisdiction and Deadlines (Record Document 25) is **MOOT**.

Corrected Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 24)

On April 9, 2025, an Immigration Judge issued its Final Order.  See Record Document 24-1 at 11-22.  Petitioner's application for asylum was denied; her application for withholding of removal was denied; and her application for protection under the Convention Against Torture was denied.  See id. at 22.  The court ordered her to be removed to the Ukraine.  See id.  Petitioner now seeks a Temporary Restraining Order ("TRO") prohibiting Respondents from removing her to any country other than Ukraine.  See Record Document 24 at 9.  She further seeks a stay of removal pending final resolution of her habeas proceeding and an order to maintain the status quo.  See id.

Even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to

grant Petitioner's request for stay of removal. See id., citing <u>Fabuluje v. Immigration & Naturalization Agency</u>, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); <u>Idokogi v. Ashcroft</u>, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also <u>Westley v. Harper</u>, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Corrected Motion to Preserve Jurisdiction and Deadlines (Record Document 25) is **DENIED AS MOOT** and her Corrected Emergency Motion for Temporary Restraining Order and Stay of Removal (Record Document 24) is **DENIED** for lack of jurisdiction.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

3